UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAINORA MACIENE, and
EGIDIJUS MACY,

   Plaintiffs,

v.

              CASE NO. 8:13CV2064-T-EAK-TGW

MEDTRONIC, INC.,
MEDTRONIC SOFAMOR DANEK USA, INC.,
and CHARLES LOMEL,

   Defendants.

_____/

## ORDER ON PLAINTIFF MOTION TO REMAND

This cause is before the Court on Plaintiffs' Motion to Remand (Doc. 5), and Defendants' Response in Opposition to Plaintiffs' Motion to Remand (Doc. 10). For reasons set forth below, Plaintiffs' Motion to Remand is **GRANTED.**

### PROCEDURAL HISTORY

Plaintiffs, Dainora Maciene, and Egidijus Macy ("Plaintiffs"), filed their Complaint (Doc. 2) against Medtronic Inc. known as Medtronic Sofamor Danek USA, Inc. and Charles Lomel ("Defendants") in state court on August 9, 2013, in the Twelfth Judicial Circuit in and for Sarasota County, Florida, alleging strict liability, negligence, breaches of warranties, fraud, and misrepresentation. These claims arose out of a spinal surgery performed on Plaintiff Dainora Maciene. On August 9, 2013, the case was removed to federal court (Doc. 1), at which point

Plaintiffs filed their Complaint (Doc. 2). On September, 9, 2013 Plaintiffs filed a Motion to Remand to State Court (Doc. 5), and on October 2, 2013, Defendants filed a Response in Opposition to Motion (Doc. 10).

## STANDARD OF REVIEW

Federal law authorizes the removal to federal court of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The Court's original jurisdiction in this case is premised on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), which authorizes federal jurisdiction over suits between citizens of different states where the amount in controversy exceeds $75,000.00. The "total" or "complete" diversity rule, however, limits the Court's diversity jurisdiction "to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

A plaintiff may not fraudulently join a resident defendant against which the plaintiff has no claim in order to defeat diversity jurisdiction. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998). The party seeking removal carries the burden of establishing federal jurisdiction. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). Because the removal statutes are strictly construed against removal, all doubts about removal must be resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). In conducting its evaluation however, the Court does not assume the nonmoving party could or would prove the necessary facts in the absence of any proof. *Legg v. Wyeth*, 428 F.3d 1323 (11th Cir. 2005).

## DISCUSSION

On the face of the Complaint, Plaintiffs and Defendant Lomel are non-diverse, as both are Florida citizens. However, Defendants allege that removal is still proper because the joinder

of the non-diverse Lomel was fraudulent. Under the judicially created doctrine of Fraudulent Joinder, an action may be removed to federal jurisdiction despite non-diverse parties when the removing party satisfies a heavy burden of establishing "either : (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). (citing *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir.1989)).

### I. Fraudulent Joinder Pleading Standard

Defendants assert Plaintiffs have failed to meet the pleading requirement established in Twombly and Iqbal as well as the heightened pleading standard of Fed. R. Civ. P. 9(b). (Doc. 1, ¶ 18). However, a federal pleading requirement is not the standard that must be met to establish fraudulent joinder in this district. *Stillwell v Allstate Ins. Co.*, 663 F.3d 1334 (11th Cir. 2011). Nothing in the precedents requires more than conclusory allegations or factual specificity. *Id.* A Plaintiff need only establish, "a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants." *Coker*, 709 F.2d at 1440–41. Therefore, we look to the pleading standards of the state court and not federal. *Stilwell*, 663 F.3d at 1334.

### II. Fraudulent Misrepresentation and Fraud in the Inducement (Count I) and Misrepresentation (Count IV)

Defendants assert that Plaintiffs failed to specifically mention Mr. Lomel's name in Count I or Count IV of the Complaint. (Doc. 1, ¶ 22). Plaintiffs made it known the general term "defendants", was used to address all defendants, including Mr. Lomel. (Doc. 2, ¶¶ 267-281). Therefore, wherever the term "Defendants" was used Mr. Lomel was included, alleviating the need to state his name specifically throughout the Complaint.

Defendants further claim Plaintiffs have not pled the requisite elements of fraud with respect to Mr. Lomel. (Doc. 1, ¶¶ 22-23). Defendants, once again, state that these allegations are merely conclusory statements that do not meet the particularity requirement of the heightened pleading standard of Fed. R. Civ. P. 9(b). *Id.* Defendants wrongly apply the pleading standard of Federal Court. However, federal courts in this Circuit uniformly apply "pleadings standards applicable in state court, not the plausibility pleading standards prevailing in federal court." *Stillwell*, 663 F.3d at 1334. When claiming fraud or misrepresentation in a Florida state court a plaintiff must state the claim with particularity. Fla. R. Civ. P. 1.120

There are four elements of fraudulent representation which must be satisfied in the state of Florida. *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010). These elements are, "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in *reliance* on the representation." *Id.* (emphasis added) (quoting *Johnson v. Davis*, 480 So.2d 627 (Fla. 1985)). The elements are the same for a finding of fraud in the inducement. *Linville v. Ginn Real Estate Co., LLC*, 697 F. Supp. 2d 1298 (M.D. Fla. 2010). Plaintiffs allege the following in the Complaint and cites these allegations to support the argument that Plaintiffs' claims are viable:

- "At all relevant times, MEDTRONIC and its sales representatives including Mr. LOMEL misrepresented the safety of Infuse® to physicians and patients, and recklessly, willfully, and/or intentionally failed to alert physicians and patients of the increased significant danger to patients resulting from the off-label uses of Infuse®." (Doc. 2, ¶ 29).

- "MEDTRONIC, its agents, and its sales representatives including Mr. LOMEL knew or should have known and/or recklessly disregarded the materially incomplete, false, and misleading nature of the information that they caused to be disseminated to the public and to spine surgeons regarding Infuse including MEDTRONIC'S surreptitious campaign to promote the product for off-label uses (i.e. uses that had never been evaluated or approved by the FDA)." (Doc. 2, ¶ 30)

- "MEDTRONIC and its sales representatives including Mr. LOMEL had knowledge and information reflecting the true risks and dangers to spine patients of off-label use of Infuse®, the extent of the off-label use, and their reckless promotion of the off-label uses." (Doc. 2, ¶ 37)

- "Defendants fraudulently and intentionally misrepresented material and important health and safety product risk information from Plaintiffs and Plaintiff's physicians." (Doc. 2, ¶ 268).

- "Defendants knew or had reason to know of the dangers and defects of the off-label use of Infuse®." (Doc. 2, ¶ 269).

- "Even at the time of FDA approval, MEDTRONIC, its senior management, and its paid consultant "Opinion Leaders" were well aware of the concerns regarding off-label uses of Infuse and the serious dangers to patients posed by those off-label uses." (Doc. 2, ¶ 119).

In short, Plaintiffs rely largely on general, conclusory allegations. Plaintiffs do not allege how Mr. Lomel fraudulently and intentionally misrepresented the product or what information was available to Mr. Lomel about alleged defects in, or problems with, the off-label use of Infuse®. This does not meet the Florida state court pleading standard of claiming fraud or misrepresentation. Although Plaintiffs, make many claims such as reports of the difficulties that arose with the off-label use of Infuse®, they did not establish whether or not Mr. Lomel had access to or was given this information. Although this Court must view facts in the light most favorable to the Plaintiff, the Court does not assume future facts will be given to prove the claim. *Legg*, 428 F.3d at 1323.

### III. Strict Products Liability – Failure to Warn (Count II), Design Defect (Count III)

For Counts II and III, Defendants allege Mr. Lomel was outside the chain of distribution and, therefore, cannot be strictly liable. (Doc. 1, ¶¶ 25, 27-28). Florida Courts have extended the strict liability doctrine beyond manufacturers to include retailers, wholesalers, and distributors. *Samuel Friedland Family Enters. v. Amoroso*, 630 So. 2d 1067, 1068 (Fla. 1994). Plaintiffs

allege Mr. Lomel sold the Infuse® device making him fall under the category of seller or retailer. (Doc. 2, ¶¶ 21, 30, 37-38). Again, this court must find all questions of fact and law resolved in favor of the Plaintiff. *Coker*, 709 F.2d at 1433. When doing so there is a reasonable possibility that Mr. Lomel falls within one of the categories that is included, allowing the Plaintiffs to proceed against Mr. Lomel under the doctrine of strict liability.

Defendants claim the commingling of the strict liability and misrepresentation claim should each constitute their own action. (Doc. 1, ¶ 25) Therefore, the claim fails. *Id.* To support their claim, defendants rely heavily upon, *Bailey v. Janssen Pharmaceutica*, Inc., 06-80702 CIV, 2006 WL 3665417 (S.D. Fla. Nov. 14, 2006) aff'd, 536 F.3d 1202 (11th Cir. 2008). However, the defendants confuse the issue. The concern in *Bailey* was not the commingling of the strict liability and misrepresentation claims, but that the claims presented in the plaintiffs' pleading were structured in such a way the pleading lacked sufficient clarity. *Id.* This prevented defendants from framing a responsive pleading. *Id.* The present case is distinguishable. Insufficient pleading of the strict product liability - misrepresentation claim is not an issue. Therefore, the Defendants' claim is without merit.

### IV. Product Liability- Negligence – Count V

Defendants again claim Mr. Lomel was not connected with the product, and since a Plaintiff must establish such connection, no product liability negligence claim can be brought against Mr. Lomel. (Doc. 1, ¶ 29). However, as stated above, Plaintiffs have stated in their Complaint Mr. Lomel was indeed a seller or retailer of the product. When the facts are viewed in the light most favorable to the Plaintiffs, Defendants' claim that Mr. Lomel's Declaration refutes Plaintiffs' allegations is not valid.

Defendants also claim no duty existed on the part of Mr. Lomel to the Plaintiffs, which is a necessary element to prove Negligence. (Doc. 1, ¶ 30-33). Defendants claim special, independent knowledge of alleged risks was needed by Mr. Lomel to establish a duty. (Doc. 1, ¶ 34). Since Plaintiffs did not show this in their complaint Mr. Lomel has no duty to the Plaintiffs and the negligence claim fails. *Id.* Nonetheless, this is not a case where the complaint lacks factual allegations specific to the in-state sales representative's acts. To the contrary, the Plaintiffs' claims are based on Mr. Lomel's alleged knowledge of purported dangers. (Doc. 2, ¶¶ 21, 30, 37-38). As such, when facts are viewed in favor of the Plaintiffs, a cause of action against Mr. Lomel can be established in state court.

### V. Breach of Express Warranty (Count VI) and Breach of Implied Warranty of Merchantability and Fitness (Count VII)

Defendants claim Plaintiffs have not established in the Complaint that privity exists, which is an essential element of any express or implied warranty claim. (Doc. 1, ¶¶ 35-37). However for the purpose of this order the Court is only looking at issues for fraudulent joinder and remand. The Defendants have asked this Court to look at issues more suitable in determining if dismissal would be appropriate once remanded to state court.

While the Court acknowledges that the Complaint does not meet the Florida State Court Pleading Standards for Fraudulent Misrepresentation and Fraud Inducement, there is a possibility that a state court would find that the complaint states a cause of action for all other counts. Thereby, we agree that this case should be **remanded** to permit the Plaintiffs to amend the complaint accordingly so that appropriate claim or claims may be stated. Accordingly, it is

**ORDERED** that Plaintiffs' Motion to Remand is **GRANTED**. The case shall be **remanded** to the Twelfth Judicial Circuit in and for Sarasota County, Florida. The Clerk of the Court shall close this case.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 25th day of February, 2014.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.